FLOWERS, Defendant in Error, v. HELM *et al.*, Plaintiffs in Error.

1. A party can not complain of an instruction given at his own instance.
2. Declarations with respect to partnership transactions by one partner are not evidence against the other partners unless made during the existence of the partnership.

*Error to Carrol Circuit Court.*

It is deemed unnecessary to set forth the facts more fully than they are stated in the opinion of the court.

*Harris*, for plaintiffs in error.

I. The court should have sustained the motion asking the court to instruct the jury to retire and make up their verdict respecting the liability of two of the defendants, James and Simon Helm. (26 Mo. 586; Sess. Acts, 1857, p. 181.) The declarations made by Jacob Helm were not evidence as against the others. They were made after the dissolution of the partnership. (23 Mo. 185; 27 Mo. 553.) The instructions given were erroneous. The court erred in refusing the instructions.

*Troxell & Ray*, for defendant in error.

I. The court properly overruled the motion made by the defendants. The court committed no error in giving or re fusing instructions.

SCOTT, Judge, delivered the opinion of the court.

As there is a difference between the record as it appears before us and the statement of the case as made by counsel, we must of course be governed by the record as it is written. The instruction of which most complaint is made by the defendants it appears was given on motion of the defendants themselves. It is numbered five, and is to the effect that the declarations of Jacob Helm are to be regarded by the jury as evidence against himself only, unless the jury

find that he and the other defendants were partners; and if they were partners, then such declarations were. to be regarded as evidence against the other partners so far as they related to the partnership transactions. This instruction is too loose, as it fails to require that the declarations should have been made during the existence of the partnership. But how can its effect be obviated, when it appears to have been given at the instance of those who are now complaining of it?

There were two theories of this case; one, that each of the parties sold or authorized the sale of his share separately; the other, that there was a joint sale for the benefit of all. Taking into consideration the pleadings and the evidence in the cause, we can not say that the court below exercised its discretion improperly in refusing to permit the jury to pass on the case of two of the defendants in order that they might be made witnesses.

With the concurrence of the other judges, the judgment will be affirmed.