MONUMENTAL BRONZE COMPANY, Respondent, v. THOMAS DOTY, Admr., Appellant.

### St. Louis Court of Appeals, March 3, 1903.

1. **Probate Court: PLEADINGS IN PROBATE COURT: PRACTICE, TRIAL.** No formal pleadings are required in the probate court, and if the demand is filed in such form as to unmistakably disclose the nature of the transaction that gave rise to it, that is enough.

2. **Witness: COMPETENCY OF AS TO HANDWRITING: SIGNATURE OF CONTRACT.** One is a competent witness to testify as to the identity of the signature to a contract, when he testifies that his knowledge of the handwriting of the party, whose signature is in question, was acquired outside of the handwriting in the contract and from letters the party had written him.

3. **Instruction: PRACTICE, TRIAL.** Where no defense was shown to a demand filed in a probate court and the demand was proven by documentary evidence, the circuit court rightly instructed the jury to return a verdict for plaintiff.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*W. W. Fry* for appellant.

(1) Revised Statutes 1899, section 188, provides that any one may exhibit his demand by serving upon the executor "notice in writing stating the amount and nature of his claim with a copy of the instrument of writing or account upon which the claim is founded." We insist the demand here is not "an account stating the amount and nature of his claim." It is a conclusion. In Watkins v. Donnelly, 88 Mo. 322, the court says: "While it is true that in probate courts formal pleadings are not requisite, still common justice and ordinary honesty require that an account or statement

of the matter, about which those in charge of the estate probably know nothing, should, when presented for allowance, at least, be sufficiently specific to apprise them of the facts involved, so that they can be prepared properly to protect the interests confided to their care, and thus prevent unjust demands from swallowing up the estate. It is difficult to conceive of a statement more vague than the one presented in this case. What the services were for, what was their nature, whether rendered on a salary, on the contract, general or special, or for what they were reasonably worth, or just when the services began, or just when they ended, the paper filed does not show.'' (2) The court erred in admitting the testimony of the witness Paul W. Schmidt because the party to the contract, Lizzie Doty, was dead. This witness was incompetent to prove she signed the contract, or to any other fact connected with the negotiation. Banking House v. Rood, 132 Mo. 256; Hollmann v. Large, 143 Mo. 100-106; Donnell v. Jung, 81 Mo. App. 577.

*F. R. Jesse* and *C. A. Barnes* for respondent.

The court did not commit an error in admitting evidence over defendant's objection because of insufficient statement. Hall v. Goodnight, 138 Mo. 576; Guntley v. Stead, 77 Mo. App. 155.

GOODE, J.—All the facts of this case may be found stated in the opinion delivered on a former appeal. Monumental Bronze Co. v. Thomas Doty, Admr., 92 Mo. App. (St. L.) 5. On the second trial the evidence was not materially different from what it was on the first, except that we find in the appellant's abstract the following recital:

''Plaintiff read in evidence a number of circulars advertising the white bronze monuments in which it was stated that it was a trade name for refined and purified zinc with the surface finished with sand blast

process. It is called white bronze to distinguish it from copper or antique bronze. Its color is a light gray. White bronze differs from zinc in color and texture as steel differs from iron. It is a pure metal like gold. It resists the effects of the weather for all time. It is heavier than granite and cheaper. It takes the place of granite and marble for monumental work because it is more enduring and produces more artistic work and is less expensive. It looks like granite.''

In the previous opinion we held the contract showed on its face that the only warranty the respondent made in regard to the monument was that it should be in every respect as represented in respondent's circulars, and that as the circulars were not introduced in evidence to prove what was represented, there was neither proof of a warranty nor of a breach. What was relied on principally on the former appeal was that the company warranted the monument to be of white bronze, which warranty was broken because it was of zinc. The above recital from the abstract of the contents of the circulars containing the representations on the faith of which Elizabeth Doty purchased show there was no representation that the monument should be of bronze, but on the contrary a statement that white bronze was a trade name for purified zinc; hence, as the monument corresponded exactly in respect to material with the representation, there was no breach of warranty in that regard.

As to the defense based on one of the inscriptions reading, "The Lord is My Shepherd I shall not *fear*," instead of the true quotation from the Psalm, "The Lord is My Shepherd I shall not want," we repeat what we said in the former opinion, namely, that the written contract or order for the shaft contained both the words "fear" and "want," and in the absence of evidence that the word "fear" was incorrectly inscribed, the presumption is that it was used in obedi-

ence to the order of Miss Doty; and there was no evidence the company departed from her order in preparing the inscription.

It is contended by the appellant that the account sued on was insufficient to warrant the reception of any evidence to prove it. The case originated in the probate court on the following demand, with waiver of service by the administrator of Elizabeth Doty, and appended to the demand the order and contract for the monument:

"Bridgeport, Conn., September 16, 1899.
"Miss Lizzie Doty, Mexico, Mo.

. . . In Account With . . .
THE MONUMENTAL BRONZE COMPANY.
White Bronze Monuments, Statuary, Portrait
Busts, Medallions, etc., etc.

To balance
July 17 To Mdse.......................... $384.00
Aug 22 By Cash......... ...... ...... .. 64.00

Balance                                  $320.00
"I, Thomas Doty, administrator of the estate of Miss Elizabeth Doty, deceased, do hereby waive the service of any notice on me of the presentation of the above demand to the probate court of Audrain county for allowance against said estate.

"THOMAS DOTY, Administrator.
"By FRY & CLAY, Attorneys."

No formal pleadings are required in the probate court, and if the demand is filed in such form as to unmistakably disclose the nature of the transaction that gave rise to it, that is enough. Sublette v. Nelson, 33 Mo. 487; Williams v. Gerber, 75 Mo. App. (St. L.) 18. The contract itself, which is set out in the former opinion, shows fully the undertakings of the parties and the amount the deceased was to pay, while the account to which it was attached shows the balance due and demanded by the company. Appellant

would have been entitled to a fuller statement by way of written notice (R. S. 1899, sec. 197) had he not waived notice altogether. It must be taken that both he and his attorneys, who signed the waiver, considered themselves sufficiently apprised of the nature and extent of the respondent's demand without a further statement of the facts; which is of course the object the statute aims at.

The account and contract made a sufficiently clear cause of action or demand for a judgment thereon to be a bar to any further proceeding by the respondent on the same claim.

The court permitted Paul Schmidt, who acted as agent for respondent in making the sale to the deceased, to identify her signature to the contract, excluding all the rest of his testimony. Schmidt testified his knowledge of the handwriting of the deceased was acquired outside the contract he made with her from letters she had written to him. We think he was competent to prove her signature. Banking House v. Rood, 132 Mo. 256; Kuhn v. Insurance Co., 71 Mo. App. (K. C.) 305. Her signature, however, was not disputed.

No defense was shown to plaintiff's demand, which was proven by documentary evidence, and the circuit court rightly instructed the jury to return a verdict in its favor.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur, the latter in a separate opinion.

SEPARATE OPINION.

REYBURN, J.—As a general proposition, it seems to me that under the authority of Gannon v. Gas Co., 145 Mo. 516, we should be obliged to recognize the rule therein laid down that a peremptory instruction should not be given, but under the peculiar facts in this case I think the peremptory instruction may be warranted, and therefore agree to this opinion.