CHARLES MEFFERT, Appellant, v. MARTIN E. LAWSON, Executor of Last Will of JOSEPH F. MEFFERT.

Division Two, October 11, 1926.

1. **MOTION NON OBSTANTE VEREDICTO.** A motion for judgment **non obstante veredicto** comes too late if filed after judgment is entered upon the verdict of the jury.

2. ———: **Cause Arising in Probate Court: Pleading.** No formal pleading is required in a proceeding for the allowance of a claim against an executor filed in the probate court, and the executor by refusing to approve the claim tenders the general issue, and a motion for judgment **non obstante veredicto** can be properly directed only against the sufficiency of the plea of the defendant; and therefore, when an appeal is taken to the circuit court from an allowance against the executor, the motion is not available.

3. **VERDICT: Amendment: Matter of Substance.** The right of the court to amend a verdict after the discharge of the jury is limited to matters of form or clerical errors, and does not embrace matters of substance required to be passed upon by the jury. In a suit for the principal and interest of a note, the court has no authority to amend the verdict so as to include interest, where the verdict was for the principal alone. The court cannot even instruct the jury that, if the jury find for plaintiff, the plaintiff is entitled to recover a certain specified sum, with interest at a stated rate, amounting to a named sum.

4. **JUDGMENT: Amendment.** A judgment is based on a verdict, and the court has no authority to correct or amend a judgment to embrace something not included in the verdict, where the verdict is received and the jury discharged without any correction or request for correction in matter of substance of the verdict returned by them.

5. **INSTRUCTIONS: Asked by Appellant: Self-Invited Error.** Plaintiff cannot complain of instructions framed by himself and given at his request. A party is not permitted to invite error on the trial and then assign such error for a reversal of the judgment. Where the plaintiff, in his suit on notes bearing six per cent compound interest, asked for instructions relating to two of the notes which made no reference to interest, he cannot complain that the jury returned a verdict for only the principal sums of those notes; and particularly so, where the instruction on the third note directed the jury to return their verdict for the amount of the note, with interest at six per cent from date, and that they must compute such interest.

6. **INCOMPETENT WITNESS: Waiver: Cross-Examination: No Objection at Former Trial.** A witness, who sues the executor of the estate of a decedent for notes naming him as payee, is incompetent to testify in the case, the other party to the contract or cause of action being dead. Nor is such incompetency waived by a cross-examination of such plaintiff on an immaterial matter at a former trial of the case, such as the number of years plaintiff had been a barber at a named place. To constitute a waiver the cross-examination must be of such a nature as to make the witness the objector's own. And in any event, the fact that the witness was allowed to testify without objection at a former trial is not a waiver of his incompetency to testify at a later trial of the same case.

7. **DUE PROCESS: Judgment for Less Amount than Notes.** Where opportunity was accorded to appellant to contest the propriety of each step taken at the trial of the case, there is no basis for a contention that he was

denied due process of law. Where the judgment was based on the verdict, and the verdict followed the instructions asked by him and given at his request, he cannot on appeal be heard to complain that the verdict for him for a less amount than the principal and interest of the notes sued on deprived him of his property without due process of law.

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 2606, p. 700, n. 39; Section 2619, p. 707, n. 11. **Constitutional Law**, 12 C. J., Section 1011, p. 1238, n. 42 New. **Executors and Administrators**, 24 C. J., Section 986, p. 349, n. 82; Section 1018, p. 363, n. 68 New. **Judgments**, 33 C. J., Section 110, p. 1177, n. 1; Section 112, p. 1178, n. 11; p. 1181, n. 28; Section 113, p. 1183, n. 42, 45; Section 117, p. 1187, n. 77; p. 1188, n. 80 New; 34 C. J., Section 436, p. 207, n. 5; Section 466, p. 242, n. 51. **Pleading**, 31 Cyc., p. 659, n. 28. **Trial**, 38 Cyc., p. 1896, n. 4; p. 1898, n. 15. **Witnesses**, 40 Cyc., p. 2239, n. 42; p. 2344, n. 37.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*George H. Kelly, William Buchholz, I. B. Kimbrell* and *Martin J. O'Donnell* for appellant.

(1)   The court erred in overruling plaintiff's motion for judgment on the verdict and notwithstanding same, for the reason that defendant tried the case on the theory that it was liable for the entire amount of the plaintiff's claims alleged in counts one and two thereof or for nothing, and since the jury found for plaintiff on all the issues, the court should have rendered judgment for the entire amount alleged in said counts. Manian v. Cavera, 19 Mo. App. 535; Henderson v. McPike, 35 Mo. 255; Pierce v. Schaden, 62 Cal. 283; Black on Judgments, sec. 159; Brown v. Lawlor, 21 Minn. 327; Redmon v. Weisman, 77 Cal. 423, 20 Pac. 544; Buffington v. Henton, 126 Pac. 58; Kerschow v. Daggs, 207 Pac. 1089; Hodgkins v. Mead, 119 N. Y. 166; Dalrymple v. Williams, 63 N. Y. 361; Fornara v. Wolpe, 226 Pac. 203; Railway v. Oliver, 17 Okla. 589; Marsh v. Kendall, 65 Kan. 48; Lough v. Ry., 116 Iowa, 31; Morris v. McLaughlin, 39 Col. 459; Schwitzer v. Connor, 57 Wis. 177; Schermes v. Welser, 169 Wis. 507; Wentworth v. King, 49 S. W. 696; Diven v. Diven, 115 Kan. 119.   (2)   The court erred in that it ruled that notwithstanding all the issues of fact arising in the case were determined by the verdict of the jury in plaintiff's favor, yet that Sec. 1423, R. S. 1919, justified the court in denying plaintiff the right to a judgment for the full amount shown by the instruments of writing to be due plaintiff, thus and thereby depriving plaintiff of his property and denying plaintiff the equal protection of the laws, in violation of Sec. 1, Art. XIV, of the Amendments to the United States Constitution.   (3)   The court erred in sustaining defendant's objection to plaintiff's competency to testify as a witness and to his offer of proof, notwithstanding it appeared of record that at a former trial plaintiff was sworn as a witness on his own behalf

and gave testimony without objection and was cross-examined by defendant. Harris v. Ry., 115 Mo. App. 527; Sec. 5414, R. S. 1919; Norwell v. Cooper, 155 Mo. App. 445; Railway v. Silver, 56 Mo. 265. (4) The court erred in giving the instruction marked 3 at the request of defendant, for the reason that said instruction tended to lead the jury to believe that even if deceased was indebted to plaintiff for the amounts in controversy, yet the jury were not required to assess the amount of the indebtedness. (5) The court erred in rendering a judgment which failed to provide that the judgment should bear interest at the same rate as the notes sued on. Sec. 6493, R. S. 1919; Barber v. Borders, 81 Mo. 636.

*Lathrop, Morrow, Fox & Moore* and *George W. Day* for respondent.

(1) Appellant's motion for judgment notwithstanding the verdict is not well taken. Such a motion can only be sustained when it appears from the record that the allegations in the answer constitute no defense to the action. Hurt v. Ford, 142 Mo. 296; Dezell v. Fidelity & Cas. Co., 176 Mo. 282; Shearer v. Guardian Trust Co., 136 Mo. App. 229; King v. Wholesale Grocery Co., 188 Mo. App. 235. (2) The allowance of interest, the computation thereof and its inclusion in, or exclusion from, their verdict, is within the exclusive province of the jury in all actions for the recovery of money only. R. S. 1919, sec. 1423; Cates v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24; Dyer v. Combs, 65 Mo. App. 150; Dawson v. Wombles, 111 Mo. App. 532; Connelly v. Railroad, 120 Mo. App. 652; Lederer v. Morrow, 132 Mo. App. 438. (3) The instructions given at the request of the appellant are binding upon him, whether they correctly declare the law or not. Scofield v. Land & Mining Co., 187 S. W. 61; Bradford v. McAdoo, 219 S. W. 94; Diehl v. Bestgen, 217 S. W. 556; Christian v. Life Ins. Co., 143 Mo. 460; Baker v. Railroad, 122 Mo. 595; Flowers v. Helm, 29 Mo. 324. (4) By his instructions numbered 1 and 2, appellant invited the jury to return a verdict for him for any sum not exceeding the amount of the principal and interest claimed by him to be due on the two disputed notes, and he cannot now complain. Kinlen v. St. Ry. Co., 216 Mo. 145; Schaefer v. Suburban Ry. Co., 128 Mo. 64.

WALKER, P. J.—This action had its origin in the Probate Court of Jackson County. The plaintiff filed a petition in that court asking an allowance against the estate of his brother, Joseph F. Meffert, on three promissory notes, claimed to have been made by the latter to the plaintiff, as follows: one for $2,900.50, one for $500, and one for $375.27; each of these notes bore interest at the rate of six per

cent per annum, payable annually, and if not so paid the interest was to be compounded and become a part of the principal. Upon a hearing before a jury under the statute (Sec. 200, R. S. 1919), the demands were allowed. The executor appealed from this judgment to the circuit court, where the case was three times tried, resulting upon each trial in a judgment for the plaintiff. From the third judgment the executor appealed to this court, which reversed and remanded the case (Meffert v. Lawson, 289 Mo. 337). In that case the facts are set forth and discussed.

Upon the retrial of the case a verdict was rendered in favor of the plaintiff on each of the notes and a judgment entered thereon, November 14, 1924. The verdict on which the judgment was based was in the following form:

"We, the jury, find the issues for the plaintiff on the first count and do assess his damages at $2,900.50.

"We, the jury, find the issues for the plaintiff on the second count and do assess his damages at five hundred dollars.

"We, the jury, find the issues for the plaintiff on the third count and do assess his damages at $375.27."

On the 18th day of November, 1924, the plaintiff filed a motion in the circuit court for a judgment *non obstante veredicto.* On November 19, 1924, the plaintiff filed motions for a new trial and in arrest of judgment. The motion *non obstante* was continued from time to time until June 27, 1925, when it was overruled, and on the same day the court overruled the plaintiff's motions for a new trial and in arrest. The plaintiff thereupon appealed to this court.

Each count of the plaintiff's petition, while asking a judgment for the principal of the note, therein described, also asked a judgment for the interest due thereon, compounded as authorized by the terms of the notes. The plaintiff's contention is that under the terms of the contracts made manifest by these notes, the parties agreed to the amount of each of the same, and that the court should have sustained his motion *non obstante* and entered judgment for the amount of each of the notes and interest; and having failed so to do, that the Supreme Court should reverse the ruling of the circuit court and enter judgment for the full amount of the principal and interest of the notes. Numerous other assignments of error are made which will be considered in the order presented. Their determination does not require a statement of the testimony.

I. A motion for a judgment *non obstante veredicto* is an inheritance from the common law and despite our code it is not obsolete. [Shearer v. Trust Co., 136 Mo. App. 229.] Its filing, therefore, in

a case authorizing the same is not regulated by the statutes in regard to motions for a new trial and in arrest of judgment, but by the rules of the common law. These rules, as is evident from the trend of authority are succinctly stated in Hurt v. Ford, 142 Mo. 283, as follows: The right to file the motion is limited to the plaintiff; it must be filed before the entry of judgment on the verdict and is only authorized when it appears from the record that the allegations of the answer constitute no defense to the action.

**Non Obstante Veredicto.**

The verdict in the instant case was rendered on the 14th day of November, 1924, and judgment entered accordingly. Thereafter on the 18th day of November the plaintiff filed his motion for a judgment, notwithstanding the verdict. As was said in Mississippi v. Commercial Bank, 6 Smedes and Marshall, 218, cited with approval in Hurt v. Ford, 142 Mo. l. c. 297: "This came too late after judgment was entered. Like a motion in arrest of judgment, it must precede the entry of the judgment, it being too late to arrest that which is already entered. This objection is quite technical, yet it is in strict accordance with the law. The objection is made, and there seems to be but one rule on the subject, and that is, that such a motion must be made immediately after the verdict and before judgment is entered on the verdict."

Another reason, not technical in its nature but based on the nature and function of the motion, is its legal impropriety under the facts in this case. This is a proceeding under the statute for the allowance by the probate court of certain claims based on the notes referred to. No formal pleadings are required in such cases. On the part of the claimant a statement of the facts on which the claim is based, sufficient to notify the executor of the nature of the claim, is all that is necessary, either in the probate court or on appeal. [Rassieur v. Zimmer, 249 Mo. 175; Christianson v. McDermott, 123 Mo. App. 448.] No pleading is required on the part of the executor (Sec. 197, R. S. 1919), and he may be said to tender the general issue (21 R. C. L. sec. 122, bot. p. 563), which amounts to a denial of every material allegation of fact in the demand (Sublette v. Nelson, 38 Mo. 487; Smith v. Collins, 243 S. W. (Mo. App.) 219). The statute dispensing with formal pleadings renders the proceedings in probate courts as to this matter subject to the rule which has always prevailed in this jurisdiction as to justices courts in which a failure on the part of the defendant to plead is regarded as a tender of the general issue. [Rassieur v. Zimmer, 249 Mo. l. c. 181, and cases; Monumental Bronze Co. v. Doty, 99 Mo. App. 198.] The motion can only be properly directed against the sufficiency of the plea of the defendant. In this case there was no plea and hence there was nothing against which the motion could be leveled. Not only this motion but

the one in arrest "must always be grounded upon something apparent on the face of the pleadings." [King v. Grocer Co., 188 Mo. App. l. c. 239; Slocum v. Ins. Co., 228 U. S. l. c. 381, and cases.] Futile therefore as is the motion for a judgment notwithstanding the verdict, the plaintiff is in no better plight if his plea be considered as a motion for a judgment on the pleadings. Here, as in the motion *non obstante*, it is the pleading as shown by the record that is subject to be assailed. The pleading of the defendant must be clearly bad to justify a judgment for the plaintiff on this ground. Where, as stated, there is an utter absence of a pleading there is a like absence of a basis for sustaining the motion as in that for a judgment *non obstante*. Moreover, a motion for a judgment on the pleadings can only be made either before verdict or after it has been set aside. At bar not only the verdict was in full force, but also the judgment. There is, therefore, as was said in Hurt v. Ford and Shearer v. Trust Co., supra, no authority for a judgment on the pleadings.

II.    There is nothing to authorize the assumption that the plaintiff's plea may be construed as a motion to amend the verdict—there being nothing to amend. The verdict is so framed on each count as to leave nothing for interpretation. It correctly followed the court's instructions. In this state of the record no power exists, either in the circuit or the appellate court, to enter up a judgment including the interest. The verdict upon which a judgment is entered must be that returned by the jury and be the resultant amount of their deliberations and not that ascertained by a court's calculation. A court cannot, in a case of this character, say that "as it ought to be the verdict must be." [Dyer v. Combs, 65 Mo. App. l. c. 152; Johnson v. Grayson, 230 Mo. 407.] The right of a court to amend a verdict after the discharge of the jury is limited to matters of form or clerical errors clearly made manifest by the record; but never to matters of substance required to be passed on by the jury, which in their nature, are essential to the determination of the case and subject to dispute. It is, therefore, informalities and not material matters that the court may amend. It is well ruled in Newton v. Railroad, 168 Mo. App. 199, that the only safe way to correct an ambiguity, if it exists in a verdict, is for the trial court to have it done before the verdict is formally received. This question as to the right of a court to calculate interest and to fix the amount of a verdict which had not been fixed by a jury is discussed and ruled upon in Boutross v. Miller, 223 S. W. (Mo.) 889, in which it was held, under Section 1993, Revised Statutes 1909, now Section 1423, Revised Statutes 1919, that when a verdict is found for plaintiffs in an action for money only, the jury shall assess the amount of recovery, and that it was error for the

*Amending Verdict.*

trial court to instruct the jury that plaintiffs were entitled to recover a certain specified sum with interest at a stated rate amounting to a sum named; that such error was reversible despite Section 2082, Revised Statutes 1909, now Section 1513, Revised Statutes 1919, forbidding reversals for errors and irregularities not materially affecting the merits. This case follows our rulings in Johnson v. Grayson, 230 Mo. 380, and earlier Supreme and Courts of Appeals cases; especially that of Good v. Kenney, 226 S. W. (Mo. App.) 596, in which Judge ELLISON cites many cases in support of the rule, and notes, as is done in Boutross v. Miller, the overruling of the contrary doctrine announced in Lumber Co. v. Harvester Co., 215 Mo. 221, and Machine Co. v. Blair, 181 Mo. App. 593. Henderson v. McPike, 35 Mo. 255, in so far as it announces a like rule to that of the Lumber Co. and Machine Co. cases, should likewise have been overruled.

III. Cases which authorize courts to modify and correct judgments, as in Laumeier v. Laumeier, 271 S. W. (Mo.) 488, and others cited in this connection by appellant, furnish no authority for the proposed correction of the verdict in the instant case. A verdict

**Correcting Judgment.** is born of the triers of facts. If corrected, except as to matters of form, it must be done by the jury before their discharge. A judgment is *in fieri* or in the breast of the court during the term at which it was rendered and in the furtherance of justice may be amended to correct oversights incident to judicial effort. [Kansas City v. Woerishoeffer, 249 Mo. l. c. 26, and cases.] The judgment, however, must be based upon the verdict. The verdict at bar finds definitely for the principal of the notes. No claim was made when it was returned that any omission or oversight was committed by the jury in its rendition. No objection having been made at the time to the verdict as rendered the trial court was powerless to fix the amount of the interest to be recovered, nor could the judgment have been amended in this respect. [Wilson v. Boughton, 50 Mo. 17; 34 C. J., sec. 466, p. 242 and notes: 23 Cyc. p. 875, sub-div. C and notes.]

IV. The instructions given by the court at the request of the

**Instructions.** plaintiff on the respective counts of the petition were, omitting formal parts, as follows:

On the first count in which the principal of the note sued on was $2,900.50, the instruction read: "If you believe and find from the evidence that before November 14, 1911, and within ten years before the 8th day of December, 1916, the deceased, Joseph F. Meffert, paid the plaintiff, Charles Meffert, the sum of fifty dollars as a payment on the said note, and that said payment was credited upon the said note, then your verdict must be for plaintiff upon the

first count of the petition, but your verdict on the said count for the plaintiff must not exceed the sum of $14,247.64.''

The instruction on the second count in which the principal of the note sued on was $500, was in these words: ''If you believe and find from the evidence that at any time before November 14. 1913, and within ten years before the 8th day of December, 1916, the deceased, Joseph F. Meffert, paid the plaintiff, Charles Meffert, the sum of ten dollars as a payment on the said note, then your verdict must be for plaintiff upon the second count of the petition, but your verdict must not exceed the sum of $1,781.99.''

The instruction on the third count, in which the principal of the note sued on was $200, was given as follows:

''The court instructs the jury that under the pleadings and the evidence your verdict must be for plaintiff on the third count of the petition for the amount of the note introduced in evidence, dated June 8, 1913, with interest at six per cent from said date, but your verdict on said third count of the petition must not exceed the sum of $375.27.

''The jury must compute such interest, as your verdict must be for a total sum.''

Instructions One and Two, except as to the date and principal of each of the notes, are counterparts. They make no reference to interest, and the maximum amount the jury was authorized to find under each count was unexplained. Thus left, without other guidance, the jury fixed the basis of their finding as the principal amount due on each of the notes. Instruction Three, which clearly provided for a finding of interest and indicated that the maximum amount authorized to be found included principal and interest, was literally followed by the jury in its finding. The modification of this instruction by the court that ''the jury must compute such interest, as your verdict must be for a total sum,'' when construed in the light of the other instructions, only had reference to Instruction Three. Likewise the jury, reading all of the instructions together, were not without support in reason for concluding that an express direction for a finding of interest in one instruction and its absence from the two others was declaratory of a purpose on the part of the plaintiff to limit a demand for interest to that expressed, and they so found. Be that as it may, these instructions were given as asked by the plaintiff.

Self-invited error, is no ground for reversal (Christian v. Ins. Co., 143 Mo. 461), or as was said in effect in Baker v. Railroad, 122 Mo. l. c. 598, the plaintiff having failed to complain in the court below, now asks this court to complain for him. These instructions were given at the plaintiff's own instance. Counsel will not be permitted to invite error on the trial and then assign such error for a reversal

of the judgment. [Guntley v. Staed, 77 Mo. App. l. c. 163, and cases cited.] In Schofield v. Harrison Co., 187 S. W. 61, this court held, following a line of decisions in this State since Flowers v. Helm, 29 Mo. 324, that instructions given at the request of a plaintiff were binding on him whether they correctly declared the law or not. As a ground of error, therefore, the plaintiff should not be heard to complain that the jury followed the instructions asked by him and given by the court. [Kinlen v. Railroad, 216 Mo. l. c. 166.]

V. Plaintiff contends that the court erred in sustaining the defendant's objection to plaintiff's testifying in the case, on the ground that the other party to the contract or the maker of the notes was dead.

**Incompetent Witness: Waiver.** The statute (Sec. 5410, R. S. 1919) upon which this objection is based, provides in effect that in actions where one of the original parties to the contract or cause of action is dead, the other party to such contract or cause of action shall not be admitted to testify, either in his own favor or in favor of any party to the action claiming under him, etc. The statute contains other limitations not necessary to be stated under the facts in this case.

Concerning the propriety of the objection there can be no question. The plaintiff, however, contends that by cross-examining the plaintiff at a former trial, the defendant waived his right to object to the plaintiff's competency. It appears that at a former trial the plaintiff testified in his own behalf without objection. This fact, however, is not urged as a ground of waiver, but that he was then cross-examined by counsel for the defendant. The record discloses the following as the cross-examination: Q. "How long have you been in business as a barber at Rosedale, Kansas? A. Oh, I have been there something over twenty years, I guess." Q. "Twenty years? A. Yes." Counsel for defendant: "That is all."

While a cross-examination as to matters material to the issues would effect a waiver if occurring during a trial then in progress, a mere perfunctory and irrelevant inquiry, such as appears here, would not have that effect. The waiver, therefore, is not created simply by a cross-examination but it must be of such a nature as to make the witness the objector's own and thus destroy his incompetency. This for example may be brought about by cross-examining the witness in regard to matters of which he had not testified in chief. [Johnston v. Johnston, 173 Mo. 91; Ehrhardt v. Stevenson, 128 Mo. App. 476; Boylan v. Meeker, 28 N. J. L. 274; McCune v. Goodwillie, 204 Mo. 306.] In any event the fact that a witness is allowed to testify without objection at a former trial is not a waiver of his incompetency at a subsequent trial of the same case (Young v. State, 122 Ga. 725;

40 Cyc. p. 2238, subhead, "Waiver of Objections," and notes). There is, therefore, no merit in this contention.

VI. The judgment rendered was based on the verdict. The verdict followed the instructions asked by the plaintiff and given by the court. Plaintiff contends, despite this state of the record and the power conferred on the jury under Section 1423, Revised Statutes 1919, that in the failure of the latter to render a verdict in his favor
**Due Process.** in the full amount he claims to have been due to him, he has been deprived of his property without due process of law. Where opportunity is accorded a litigant to contest the propriety of each step taken in a litigated case, which was granted to the plaintiff in this proceeding, there is no basis for the contention that he was denied due process of law. [St. Louis v. Railroad, 278 Mo. l. c. 211.]

Finding no error authorizing a reversal the judgment of the trial court is affirmed. All concur.