EDWARD JOHNSON, JR., a minor by ELVIRA PARKER, his next friend, Appellant, v. HURCH DELIVERY SERVICE, INC., and GEORGE WILLIAM TRESCH.—No. 38277.—171 S. W. (2d) 656.

Division One, June 1, 1943.

74

*Henry D. Espy* and *Roy Lowe* for plaintiff-appellant.

*John F. Evans* for respondents.

GANTT, J.—Action for personal injury damages in the sum of $65,000. The case was submitted to the jury under the humanitarian rule. Judgment for defendants. In due course plaintiff appealed.

At five-thirty on the afternoon of June 2, 1941, a truck, belonging to defendant corporation, was driven east on the south side of Pine Street in the City of St. Louis by the other defendant, an employee of the corporation. It struck the plaintiff, ten years of age, while he was crossing Pine Street from the north to the south side of the street. The street is thirty-six feet wide from curb to curb. The collision occurred about one hundred and fifty feet east of the intersection of Pine and Ewing Streets and about seven feet south of the center line of the street.

There was evidence for the plaintiff authorizing the jury to find that the driver of the truck, by the exercise of the highest degree of care, could or should have seen that the plaintiff was in a position of imminent peril from the time he ran from the north curb into the street. There also was evidence for the plaintiff authorizing the jury to find that, by the exercise of the highest degree of care, the driver of the truck could or should have stopped, warned, slackened the speed or swerved the truck and thereby prevented the collision and injury to plaintiff.

On the other hand there was evidence for the defendants authorizing the jury to find that automobiles traveling west on the north side of Pine Street prevented the truck driver, by the exercise of the highest degree of care, from seeing the plaintiff in the act of crossing the street, until he ran from behind a west-bound automobile and within a few feet of the front of the east-bound truck.

Plaintiff assigns error on defendants' requested instruction which, in substance, follows: If you find from the evidence that plaintiff ran across Pine Street from the rear of a west-bound automobile and immediately in front of and in such close proximity to defendants' approaching truck that the driver thereof could not, in the exercise of

the highest degree of care, have avoided the collision after plaintiff reached a position of imminent peril, then your verdict must be for the defendants.

He contends that this instruction "unduly limits the position of imminent peril." It will not be necessary to consider this contention for the court, at the request of plaintiff, directed the jury, in substance, as follows:

If you find from the evidence that the defendants saw, or by the exercise of the highest degree of care, could have seen plaintiff crossing said street and in a position of imminent peril at and just prior to the time he was struck, and that plaintiff was oblivious of the approach of the truck, and if you find from the evidence that the defendants, by the exercise of the highest degree of care, could have stopped, warned, checked the speed or swerved and thereby avoided the collision, then you are instructed that the defendants' failure to do so constituted negligence and your verdict must be for the plaintiff, although you may find and believe from the evidence that plaintiff was guilty of negligence.

It will be noted that plaintiff's requested instruction fixed the "peril at and just prior to the time he was struck." As an adverb of time the word "just" is "equivalent to 'at this moment', or the 'latest possible time since.'" (Vol. 35, C. J., p. 432; Vol. I, New Century Dictionary, p. 888; Webster's New International Dictionary, 2d Ed.)

In other words, at the request of the plaintiff, the court fixed the "position of imminent peril" at the time of the collision or immediately preceding the collision. Thus it appears that if defendants' instruction "unduly limited the position of imminent peril", the plaintiff's requested instruction also "unduly limited the position of imminent peril." In this situation the plaintiff is in no position to complain. The rule may be stated as follows: "A party has no right to complain of error in an instruction given for the opposite party, when like error appears in an instruction given at his own request." (Houts, Mo. Pleading & Practice, Vol. I, p. 676, and cases cited; Meffert v. Lawson, 315 Mo. 1091, l. c. 1098-9, 287 S. W. 610.)

Plaintiff also assigns error on another of the defendants' requested instructions. He [658] contends that this instruction "unduly limits the position of imminent peril."

The instruction purports to define "imminent peril." If this instruction unduly limits said position, the plaintiff is in no position to complain, for, as above stated, his requested instruction invited the error.

The judgment should be affirmed. It is so ordered. All concur.