252 S.W.2d 847 (1952)
JAEGER
v.
AGNEW.
No. 21678.
Kansas City Court of Appeals, Missouri.
November 3, 1952.
Jerome Walsh, Kansas City, for appellant.
*848 George V. Aylward and William B. Teasdale, Kansas City, for respondent.
DEW, Judge.
Plaintiff sued to recover $1400 which he claimed due him from defendant for money furnished at defendant's request, and defendant filed answer and counterclaim for $400, which he claimed he paid the plaintiff for a certain consideration which failed. On March 13, 1951, the jury returned a verdict in defendant's favor on plaintiff's petition and in plaintiff's favor on defendant's counterclaim. On that date judgment was accordingly entered that plaintiff take nothing upon his petition, and that defendant take nothing upon his counterclaim, and the costs were assessed against the plaintiff. Plaintiff appeals from the order and judgment of the court on the motions of the parties for new trial.
At the close of all the evidence at the trial defendant moved to dismiss the plaintiff's petition and for judgment on the counterclaim, but plaintiff filed no motion for a directed verdict on his petition or on the counterclaim. On March 22, 1951, plaintiff filed a motion for a new trial in the cause and to set aside the jury's verdict and judgment thereon rendered against him on his petition. On the same date the defendant filed his motion to set aside the verdict on his counterclaim only and for a new trial thereof. On June 8, 1951, the aforesaid motions were taken up and heard and the court entered the following order: "Now on this day come the parties by their respective attorneys and plaintiff's motion for a new trial and defendant's motion for new trial upon his counterclaim are by the Court taken up, heard, and it is ordered by the Court that the judgment upon the verdict heretofore entered herein be and the same is hereby set aside, and notwithstanding said verdict, it is ordered by the Court that plaintiff recover from defendant upon his petition the sum of $791.25 and that defendant recover of plaintiff upon his counterclaim the sum of Four Hundred Dollars ($400.00).
"Wherefore, it is ordered and adjudged by the Court this plaintiff have and recover of and from defendant the said sum of Three Hundred Ninety-one Dollars and Twenty-five Cents ($391.25), together with his costs herein incurred and expended, and have therefor execution."
The sole point here made by plaintiff on appeal is that the court was without legal sanction or authority to substitute and enter money judgments on the petition and counterclaim after the verdicts of the jury thereon had been received and recorded and the jury discharged, and motions for new trial had been sustained. In view of the nature of the above sole point in this appeal it will not be necessary to review the voluminous evidence produced at the trial.
The defendant's contentions are that there was never any motion filed to challenge the court's entry complained of; that the original motion for new trial filed by plaintiff contained no matters that are here assigned on appeal; that the appeal does not attack the verdict of the jury or the judgment entered thereon on March 13, 1951; that the point here made was never presented to the trial court, which had never had an opportunity to correct the error, if any; in other words, the point was not preserved for review, citing Section 512.160, Par. 1, RSMo 1949, V.A.M.S. Defendant concludes that since no attack is here made on the original verdict and judgment thereon and if the court was without authority to make its second judgment entry, that the original verdict and judgment should simply be reinstated.
There are several reasons why the substitution of the new judgment was error. The action was one for recovery of money, a legal action, triable to a jury, and it was required that all of the issues therein be, as in fact they had been at the trial, submitted to and determined by the verdict of the jury and judgment accordingly entered. Sections 510.190, 510.260. Under the Code, when the verdict in such a case is in favor of the claimant for recovery of money, the amount of the recovery must be assessed by the jury. Section 510.270. If the case had been one tried *849 without a jury, then, on motion for a new trial, "the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment." Section $510.330.: In the case at bar, after a jury trial and verdict, discharge of jury and judgment entered, and upon motions for new trial, the court was powerless to substitute its own assessment of amount of recovery on either the petition or counterclaim. Meffert v. Lawson, 315 Mo. 1091, 287 S.W. 610; Kaimann v. Kaimann Bros., Mo.App., 182 S.W.2d 458, 462. Hence that much of the court's entry of June 8, 1951, which purported to substitute the court's own assessment of amounts of recovery and to render a new judgment therefor was wholly and obviously without authority and void. Healer v. Kansas City Public Service Co., Mo.Sup., 251 S.W.2d 66, 70.
As to the remaining portions of the court's entry of June 8, 1951, it is evident that the same was responsive to the motions of the parties, both of which requested the setting aside of the judgment and verdicts respectively complained of, and for a new trial thereon. The entry was not made within the thirty day period of the trial court's control over the judgment, Sec. 510.370, nor intended to be of the court's own initiative, as disclosed from the specific references to the motions. Therefore, that part of the order on the motions for a new trial which set the judgment aside must be considered in response to and for the stated purposes of the motions. Since the only authorized purpose of setting aside the verdict and judgment under such motions was that of a new trial thereon, we conclude that the court's order setting the same aside, without further authorized disposition of the motions, did effectually grant a new trial on both the petition and the counterclaim. We are not required on this appeal to review the merits of the granting of a new trial as to either.
We now turn to defendant's contention that the point here made on appeal was not preserved for review. Supreme Court Rule 3.27 reads: "Plain errors affecting
substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."
In Oganaso v. Mellow, 356 Mo. 228, 201 S.W.2d 365, 367, a motion by defendant for a directed verdict was held insufficient because it did not set out the grounds therefor, but the Supreme Court considered the contention that plaintiff had not made a case, citing Rule 3.27. In Leaman v. Campbell 66 Express Truck Lines, 355 Mo. 939, 950, 199 S.W.2d 359, highly improper and prejudicial argument was not sufficiently objected to, but considered under Rule 3.27. Where a motion for a directed verdict and motion to set aside the verdict and judgment failed to set out grounds therefor, the appellate court considered whether the appellant was entitled to judgment as a matter of law under Rule 3.27. Rosebrough v. Montgomery Ward & Co., Mo.App., 215 S.W.2d 298. See also Williams v. Cobb, Mo.App., 239 S.W.2d 770, 771; Riley v. White, Mo.App., 231 S.W.2d 291, 298; Fleetwood v. Milwaukee Mechanics Ins. Co., Mo.App., 220 S.W.2d 614, 618; Martin v. Martinous, Mo.App., 219 S.W.2d 667, 669.
The error here complained of, the substitution of the court's verdict and judgment for those of the jury, depriving the parties of a jury trial of the issues thereof, and without any authority of law so to do, was a plain error, substantially affecting the rights of the parties and working a manifest injustice if allowed to stand. We deem it our duty under Supreme Court Rule 3.27 to consider it, even though the plaintiff took no steps, if any were then available, to preserve the point in the trial court. In our opinion the judgment entered March 13, 1951, in accordance with the verdict of the jury, is the only judgment entered in the case with authority of law, and that judgment was set aside on June 8, 1951, and a new trial granted as to the petition and counterclaim. That part *850 of the entry of the court made June 8, 1951, purporting to enter a new judgment for the amounts assessed and substituted by the court is void and should be held for naught. Therefore the order of the court setting aside the verdict and judgment as to the petition and counterclaim is affirmed; that part of the entry substituting amounts of recovery and rendering new judgment thereupon is reversed and the cause remanded for new trial on the petition and the counterclaim. All concur.