**Della CONRAD, Plaintiff-Appellant,**

v.

**TWIN OAKS, INC., a Corporation, and Otto F. Long and A. J. Hicks, d/b/a Southside Moving and Storage Company, Defendants-Respondents.**

No. 23197.

Kansas City Court of Appeals.

Missouri.

March 6, 1961.

Edward F. Aylward, Kansas City, for appellant.

Frank J. O'Leary, O'Leary & O'Leary, Kansas City, for respondent Southside Moving and Storage Co.

A. E. Margolin, F. Philip Kirwan, Robert C. Richard, Kansas City, for respondent Twin Oaks, Inc.

HUNTER, Presiding Judge.

This is a suit by plaintiff-appellant, Della Conrad, against defendants-respondents, Twin Oaks, Inc., a corporation; and Otto F. Long and A. J. Hicks, d/b/a Southside Moving and Storage Company, for $2,276.95; and punitive damages in the sum of $2,500 against Twin Oaks, Inc. Plaintiff, in two counts, sued the defendants for the loss of certain of her clothing and personal effects which she states she left in the front closet of her apartment in Twin Oaks Apartment when she moved to a new address. She employed Southside Moving and Storage Company to move her belongings, and in Count I asks damages for failure to deliver. In Count II she places responsibility for the loss of clothing on Twin Oaks, Inc. The jury-tried case resulted in a defendants' verdict and judgment.

The sole contention of error on this appeal is that the trial court wrongfully refused to declare a mistrial when counsel for the moving company elicited from respondent Hicks the statement that there was no insurance in the case.

The complained of incident occurred late in the trial during the direct examination of defendant Hicks.

"Q. Did anyone ever talk to you about any claim of any kind (prior to receiving the summons and petition in this case)? A. No. * * *

"Q. Did * * * Mrs. Conrad ever call you about this matter at any time? A. No.

"Q. Either before you were served or after? A. No, she did not.

"Q. What division of the business do you have charge of, or divisions of the business do you have charge of? A. Well, I handle general administrative affairs and claims and insurance, office management.

"Q. By that you mean insuring goods and so on? A. That's right.

"Q. There is no insurance in this case. A. No."

At that point appellant's counsel objected to the mention of insurance; asked that the jury be directed to disregard the answer; and asked for a mistrial. The trial court sustained the objection, and in the manner suggested by appellant's counsel instructed the jury to entirely disregard the question and answer with reference to insurance; but refused to discharge the jury.

It is appellant's position that the mention of no insurance was prejudicially erroneous and of such a nature that it could not be cured by any instruction to disregard. This is the first time in this state that this precise contention has been raised for appellate review.

Respondent Moving and Storage Company's counsel asserts he did not ask the question in bad faith but that it resulted impulsively as a result of the preceding answer which he felt might be misconstrued by the jury to have indicated liability insurance coverage. With commendable frankness he admits that by hindsight the asking

of the question was error but denies that it required a mistrial to be declared.

It is the well established general rule that any plea of poverty as such ordinarily is immaterial to the issues of the case and has no proper place or proper purpose in the trial of the law suit. See, Mo.Digest Trial ⬤125(4); Gunter v. Whitener, Mo.App., 75 S.W.2d 588, 591; Monpleasure v. American Car & Foundry Co., Mo.App., 293 S.W. 84; Davis v. Quermann, Mo.App., 22 S.W.2d 58, 60. The usual purpose of such a plea is to arouse jury sympathy for a party through the mention of circumstances of poverty and hardship beyond the issues of the case. It is the converse of the mention of insurance, occasionally adroitly injected into a case for the purpose of prejudicing the jury in favor of a party by inferring a substantial verdict will not have to be paid by the losing litigant but rather by a wealthy insurance company.

We have no hesitancy in holding and do hold that where, as here, insurance coverage is outside of the issues of the case, and where nothing has been done or said from which the jury might reasonably infer that the defendant is protected by insurance against the loss in litigation it is both improper and erroneous for the defendant to show that he does not have insurance protection. This is the established rule in the majority of jurisdictions, and is in accord with the companion rule—that it is improper and erroneous to go beyond the legitimate issues in the case and show that a defendant is protected by insurance against the loss in litigation. See, Annotation, Showing As to Liability Insurance, 4 A.L.R.2d 761, 773; Clayton v. Wells, 324 Mo. 1176, 26 S.W.2d 969; Wallace v. Whitzel, Mo.App., 324 S.W.2d 157, 161; McCaffery v. St. Louis Public Service Co., 363 Mo. 545, 252 S.W.2d 361(3). A showing of no insurance under circumstances that make such a showing immaterial to any issue in the case is nothing more than a plea of poverty, and, as such, amounts to error, and ought not to be permitted.

However, just as in the case of an improper showing of insurance, an improper showing of no insurance does not always and automatically result in prejudicial error that necessitates the declaration of a mistrial and discharge of the jury. See, Barger v. Green, Mo.App., 255 S.W.2d 127, 129; Adams v. LeBow, 237 Mo.App. 1191, 172 S.W.2d 874.

Where timely objection is not sustained by the trial court and the trial court's approval is thereby lent to an improper showing of "no insurance", the appellate court will not hesitate to reverse the trial court's action.

Where, however, the trial court sustains the objection thereby disavowing the propriety of the statement, the further course to be taken by the trial court is largely within its sound discretion. The circumstances of the particular case may be such that it is clear to all reasonable minds that the poisonous plea of poverty was both intentionally induced and in such a manner as to make its effect impervious to any attempt to remove it by any action of the trial court or counsel. Clearly, in such a situation the trial court upon proper objection and request should declare a mistrial and discharge the jury. On the other hand the improper showing of no insurance may have occurred under circumstances that do not demonstrate bad faith on the part of the party or his counsel who interjected it, and as a practical matter may have either no effect or such a trivial effect on the issues and merits of the case as make it unnecessary to declare a mistrial. To declare a mistrial is a serious action, and is one not to be taken unless the ends of justice require it.

The trial judge is the one who first hand observes the parties, the witnesses, the jury and the conduct of counsel. He sees the case as it unfolds in trial, and he has the better opportunity to judge the good

faith of counsel and the effect of what transpires, and to determine whether the harm from the objectionable statement of no insurance was counteracted by his admonition to the jury to disregard the statement as foreign to the issues of the case. The trial judge is the natural repository of the discretion that must be lodged somewhere if justice in the particular case is to be obtained.

The decision to declare a mistrial or not to declare one lies in the first instance with the trial court acting in its sound discretion. Absent a manifest abuse of that discretion an appellate court should not interfere with the trial court's action.

An abuse of the judicial discretion vested in the trial court results when there is rendered an erroneous conclusion in judgment, one that is clearly against logic and the effect of facts before the court or the reasonable, probable and actual deductions to be drawn from such facts and circumstances.

In the case before us it is apparent from the record that the trial judge was convinced that respondent's counsel did not act in bad faith, and that the prejudice, if any, that resulted from the incident was counteracted by the court's action in sustaining the objection and instructing the jury to disregard the objectionable statement. The record is replete with testimony indicative of the material affluence of all the defendants. Southside Moving and Storage Company had two substantial places of business in Kansas City and was and had been for twelve years engaged in both the moving and storage business. In its moving business alone, according to the record, it performed 1200 jobs a year and owned twelve trucks. The Twin Oaks Corporation owned a vast apartment project, its buildings containing some 612 apartments with a restaurant, shops, garage and parking facilities. Such facts, in evidence and before the jury, do not demonstrate any abuse of the trial court's discretion in concluding

that as to a claim of the size in litigation against these defendants a mention of no insurance would be of little if any practical effect as a plea of poverty, and that after the action taken to dispel the effect of the statement it was not in the interest of justice to take the further step of declaring a mistrial.

Respondents' counsel have raised additional contentions to support an affirmance of the judgment. Their examination is made unnecessary by our expressed opinion concerning appellant's sole contention of error.

The judgment is affirmed.

All concur.