Leon and Shirley JOHNSON,
Plaintiffs-Respondents,

v.

Theodore McNEAL et al., Defendants,

and

Michael Broughton, Defendant-Appellant.

No. 41817.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 13, 1981.

Jack L. Koehr, City Counselor, John J. Fitzgibbon and Stephen Kovac, Associate City Counselors, St. Louis, for defendant-appellant.

Terry B. Crouppen, Roy A. Walther, III, Myron S. Zwibelman, Brown, Crouppen, Walther, Zwibelman & Walsh, P. C., St. Louis, for plaintiffs-respondents.

SNYDER, Judge.

Defendant-appellant Broughton, a St. Louis police officer, appeals from a judgment awarding plaintiffs-respondents actual and punitive damages for both assault and malicious prosecution. Specifically, appellant charges the trial court erred when it denied his motion for a mistrial after respondents' counsel asked appellant about a "police contingency fund" which might have been available to pay any award of damages. The trial court did not err in denying the motion for a mistrial. Therefore, the judgment is affirmed.

Respondents Leon and Shirley Johnson and other witnesses testified that on January 23, 1976 respondents were customers at a local tavern when appellant Broughton entered the tavern and began beating respondents about the heads and shoulders. Respondents claimed that this abuse was received without cause or justification. Appellant Broughton testified, however, that he had been summoned to the tavern by

two girls who had been involved in an altercation with respondents' daughter and, in the course of arresting respondents' son-in-law, was forced to use his nightstick on respondents in self-defense.

After the altercation and because of it, respondent Shirley Johnson was charged with individual peace disturbance, interfering with an officer and resisting arrest, and respondent Leon Johnson was charged with the felony of striking a police officer while the officer was actively engaged in the performance of his duties. Both respondents were tried and acquitted of the charges brought against them.

During the trial of respondents' case against Officer Broughton, appellant's counsel, over the objection of respondents, questioned appellant about his salary, his purchase of a house, the amount of his house payment and whether it included taxes and insurance, and the length of time left to pay on the mortgage. The trial court also allowed questions about the value of appellant's savings, stocks and bonds. Respondents continued to object to this line of testimony, particularly to the value of the individual assets. The court finally sustained respondents' objection to further questions about appellant's individual assets, but said it would permit counsel to inquire as to appellant's net worth. Appellant's counsel did not question appellant about the amount of his net worth and asked no further questions concerning his financial status.

The jury, apparently believing respondents and discounting appellant's testimony, awarded respondents the aggregate sum of $77,500 in actual and punitive damages for battery and malicious prosecution.

Appellant asserts on appeal that the trial court erred in denying his motion for a mistrial which was made after counsel for respondents, on cross-examination of appellant, inquired, "Are you aware of the police contingency fund set up for a case like this?" Appellant's counsel, in objecting to the remark, analogized the posing of the question to a situation in which an attorney interjects into trial evidence of insurance coverage in the hope of prejudicing the jury. The trial court sustained appellant's objection to the question but refused to say anything to the jury about the question because the court thought further comment might emphasize the fact that the contingency fund existed. The trial court denied appellant's motion for a mistrial. Appellant now claims the denial constitutes prejudicial error. The point has no merit.

█ Whether the drastic action of declaring a mistrial should be taken lies within the sound discretion of the trial court. Absent a manifest abuse of that discretion an appellant court should not interfere. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479, 485[11] (Mo.1972); *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 426[18–20] (Mo. App.1973); *Conrad v. Twin Oaks, Inc.*, 344 S.W.2d 286, 289[5] (Mo.App.1961). There was no such manifest abuse by the trial court in denying appellant's motion for a mistrial in the case under review.

Appellant's objection to the disputed question was sustained and no further action was taken. The trial court's analysis of the situation led to the conclusion that any further mention of the question would serve only to emphasize the existence of the contingency fund in the minds of the jurors. The trial court was in the best position to evaluate the effect of the testimony on the jury and to determine the prejudicial effect, if any, of asking the question about the contingency fund. The trial court exercised its discretion and ruled that the ends of justice did not require the declaration of a mistrial. There was no manifest abuse of discretion in the ruling.

The parties briefed the question primarily as though the contingency fund were the same as insurance coverage, although appellant candidly admits that he found no cases to support the insurance analogy. It is unnecessary to rule on the question of whether the contingency fund is analogous to insurance coverage. Respondents' counsel asked the question in good faith in response to the permitted interrogation of appellant about his assets, an interrogation which indicated a minimal net worth. The

trial court sustained appellant's objection to the contingency fund question and was in the best position to decide whether a mistrial should be declared. The discretion of the trial court was not abused.

The judgment is therefore affirmed.

CRIST, P. J., and REINHARD, J., concur.