**Regina SMITH, et al.,**
**Plaintiffs–Appellants,**

v.

**James McDONALD,**
**Defendant–Respondent.**

**No. 53368.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 1988.

Gerald K. Rabushka, St. Louis, for plaintiffs-appellants.

Stephen Joseph Kovac, Edward James Hanlon, James J. Wilson, St. Louis, for defendant-respondent.

STEPHAN, Presiding Judge.

Plaintiffs, Regina Smith and Gary Smith, her husband, brought this action for damages against defendant, James McDonald. Plaintiff[1] sustained injuries as a result of a one vehicle accident. The jury found for defendant and the trial court entered judgment consistent with the verdict. Plaintiff appeals; we affirm.

Plaintiff and defendant both worked as paramedics for the City of St. Louis Ambulance Service. On September 13, 1982 at 1:15 a.m., plaintiff, defendant and a student were riding in an ambulance van operated by defendant. The van was traveling west on Highway 40 in the City of St. Louis. They were not on an emergency run at the time. It was raining. As the van passed through an area where road repairs were underway, it traveled through an S-curve, fishtailed, struck a concrete wall and tipped over on its side. Plaintiff was injured as a result of the accident.

Plaintiff was treated at City Hospital for injuries to her left knee, left ankle, neck, right shoulder and right arm, and for headaches and blurred vision. She ultimately underwent surgery to have a rib removed in order to relieve some of her pain. Plaintiff testified that, at the time of the trial, she continued to have headaches, dizziness, blurred vision, problems with her right arm and constant pain.

Plaintiff raises three points on appeal: (1) The trial court erred in overruling plaintiff's motion to discharge the panel of jurors during voir dire because one of the panel members expressed bias in open court. (2) The trial court erred in failing to sustain plaintiff's motion for a directed verdict at the close of all the evidence in that the evidence showed defendant was negligent and plaintiff was not contributorily negligent. (3) The trial court erred in failing to sustain plaintiff's motion for new trial because the jury's verdict was against the weight of the evidence.

As to plaintiff's Points II and III, we have reviewed the record and the briefs and concluded that both holdings of the trial court are supported by substantial evidence on the record. An extended opinion on these points would have no precedential value, therefore, Points II and III are denied in accordance with Rule 84.16(b).

We now consider plaintiff's contention that the entire jury panel was tainted by the comments of one panel member. Plaintiff refers to the following voir dire exchange:

*Mr. Kovac* (Defendant's attorney): Does anyone feel just because somebody is hurt that they ought to be paid money regardless of fault?

*Venireman Ferguson:* Why sue him, sue the company.

---

1. We use the singular form of plaintiff in reference to Regina Smith because the claim of her husband, Gary Smith, is derivative of her claim.

*Mr. Kovac:* Well, you don't feel that somebody should be paid if they're—just because somebody is hurt doesn't necessarily entitle them to money?

*Venireman Ferguson:* If they're working they should have insurance. Why sue him personally if he was working for somebody?

Following defendant's voir dire examination, the court recessed for lunch. When they returned, a discussion was held out of the hearing of the jury. Plaintiff's attorney requested that the entire panel be quashed because they had been prejudiced by Mr. Ferguson's remarks. After some discussion, this motion was overruled. In order to avoid emphasizing the remarks, the court suggested that another person be impaneled without anyone being moved off. When they made their strikes, the attorneys and the court would know not to include Mr. Ferguson on the jury. Plaintiff's attorney rejected this suggestion and requested that Mr. Ferguson be removed immediately and that the rest of the panel be admonished to disregard his comments. Upon returning to the courtroom, the trial judge advised Mr. Ferguson that he was excused from the panel and asked him to go to the back of the room. He then instructed the remaining veniremen that they were to disregard the remarks Mr. Ferguson made before the lunch recess and reminded them that "you have a duty to follow this instruction under your oath ..."

Plaintiff claims that Mr. Ferguson's remarks, along with several comments made by defendant's counsel to the effect that, defendant was being sued "personally", combined to deny plaintiff a fair trial. We disagree.

■ Improper remarks made by a venireman in the presence of the entire panel might be grounds for quashing the entire panel, but the disqualification of a single juror for stating an opinion will not necessarily taint the entire panel. *Wadlow by*

*Wadlow v. Lindner Homes, Inc.,* 722 S.W. 2d 621, 628 (Mo.App.1986); *Cluck v. Snodgrass,* 381 S.W.2d 544, 552 (Mo.App.1964). Wide discretion is afforded the trial court in determining whether a jury panel should be quashed after a prospective jury member has indicated bias or prejudice. *Roeder v. Aetna Life & Casualty Company,* 738 S.W.2d 938, 942 (Mo.App.1987).

■ As is true with an improper showing of insurance, an improper showing of no insurance does not always necessitate reversal. *Bridgeforth v. Proffitt,* 490 S.W.2d 416, 426 (Mo.App.1973). In this case, the transcript indicates that the venireman gave an unresponsive answer to a question posed during voir dire. The statement was not a speech, nor did it indicate that defendant did not have insurance. It was the venireman's opinion that the employer should have been sued instead of the defendant. We, therefore, hold that the personal misconduct of this venireman was not so inflammatory or prejudicial that it could be said plaintiff was denied a fair trial.[2]

Moreover, the trial judge recommended that the venireman be excused for cause at the end of voir dire in order to de-emphasize the statements. It was at plaintiff's attorney's request that Mr. Ferguson was excused prior to the conclusion of the voir dire and the rest of the panel admonished to disregard the remarks. Therefore, if the remarks did have some impact on the panel, plaintiff is not entirely without fault.

■ The quashing of an entire panel of prospective jurors, like the declaration of a mistrial, is a matter left largely to the discretion of the trial judge who, in a situation such as presented here, is in an infinitely better position to assess the effect of the venireman's statement than is the appellate court. *Roeder v. Aetna Life & Casualty Company,* supra; see also *Johnson v. McNeal,* 654 S.W.2d 91, 92 (Mo.App. 1980). The trial court obviously determined that prejudice did not result from

2. As to the comments of counsel that defendant was being sued "personally", we note that three of these comments were made prior to Mr. Ferguson's statement. Additionally, counsel did not say defendant was without insurance only that defendant, alone, had been sued, which was the truth.

the incident. We hold that there was no abuse of discretion, manifest or otherwise, in such determination. The judgment is affirmed.

DOWD and PUDLOWSKI, JJ., concur.