**Robert S. DILLMAN, Jr. and Judith**
**Elaine Dillman, Appellants,**

**v.**

**Ronald MULLINS, Respondent.**

**No. WD 42389.**

Missouri Court of Appeals,
Western District.

March 27, 1990.

---

Robert Kent McDonald, Blue Springs, for appellants.

Ryan E. Karaim, Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This is a review of a summary judgment granted in favor of the defendant Mullins on a suit for damages arising out of a motor car accident brought by the Dillmans.

On March 7, 1984 the Dillmans, appellants here, filed a petition for $10,000 in damages in Johnson County Kansas District Court, alleging the respondent Mullins, on "the 6th day of October, 1981 ... negligently operated a motor vehicle at the intersection of State Line Road and Johnson Drive, Mission Woods, Johnson County, Kansas, so as to cause it to collide with the vehicle operated ... by ... Dillman," and "... as a result of this negligence and the resultant collision ... Mr. Dillman sustained bodily injury...." Attached to the petition was a police report prepared by Roeland Park and Fairway, Kansas, Police, which showed the point of impact on the Kansas side rather than the Missouri side of State Line Road, (the center line of which approximates the boundary between the two states). Judge McClain rendered summary judgment for Mullin stating, "... the accident which gives rise to plaintiffs' cause of action occurred in the State of Kansas ... and that plaintiffs' cause of action is barred by the applicable statute of limitations of K.S.A. 60–513." The Kansas suit had been filed some five months too late. The appellants took an appeal, and, in an unpublished opinion, the Court of Appeals of the State of Kansas affirmed the District Court.

On September 3, 1985, while the Kansas suit was still pending, the Dillmans filed suit in the Circuit Court of Jackson County, Missouri seeking damages from Mullins based on the October 6, 1981 accident, stating "that plaintiff's injuries occurred in Kansas City, Jackson County, State of Missouri." Judge Randall sustained Mullins' motion for summary judgment because of the fact the prior Kansas action had determined, without objection from the Dillmans, that the cause of action arose in Kansas and was barred by that state's statute of limitations.

On appeal the Dillmans assert a factual dispute existed making summary judgment under Rule 74.04 incorrect. They tell this court that while the point of impact of Mr. Dillman's car was in Kansas, Dillman was physically on the Missouri side and suffered his claimed injuries in Missouri, though the front of his car was in Kansas. They argue since "the injury occurred on the Missouri side, the cause of action occurred in Missouri," which would get them out from under Missouri's borrowing statute, § 516.190, RSMo 1986 which states:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

There exist many reasons for rejecting out of hand the appellants' approach to this case in this court. The Dillmans' Kansas petition itself is an admission the collision and the injury occurred in Kansas. *Manahan v. Watson,* 655 S.W.2d 807, 809 (Mo. App.1983); *Mitchell Eng., Div. of Ceco v. Summit Rlty.,* 647 S.W.2d 130, 141 (Mo. App.1982); *Littell v. Bi–State Transit Development Agency,* 423 S.W.2d 34, 39 (Mo. App.1967); *Adams v. LeBow,* 237 Mo.App. 1191, 172 S.W.2d 874, 890 (Mo.App.1943). The Kansas judgment on the Dillmans' petition must be given full faith and credit and cannot now be ignored. *Prom Motor Hotel v. Motel Training Co.,* 686 S.W.2d

896, 897 (Mo.App.1985). The Dillmans are, in the present action, estopped on the issue of where the cause of action occurred—to do otherwise would allow them in this court to say their earlier petition for damages in Kansas was a sham suffered by them on the courts of Kansas.

Therefore, for the purpose of the borrowing statute, the cause of action originated in Kansas, and being barred there, operates as a complete defense to the same suit in Missouri. *Dorris v. McClanahan*, 725 S.W.2d 870, 871 (Mo. banc 1987); *Allen v. Pittman*, 749 S.W.2d 19, 21 (Mo.App.1988). The effect of § 516.190 is to "make as Missouri's own the statute of limitations of another state." *Finnegan v. Squire Publishers, Inc.*, 765 S.W.2d 703, 707 (Mo.App. 1989).

The other point on appeal concerns the granting of summary judgment "without a hearing." That point is covered and answered by *Joseph v. Howell*, 607 S.W.2d 799 (Mo.App.1980).

Had the respondent requested Damages for Frivolous Appeal, Rule 84.19, such motion request would have been treated favorably. The judgment is affirmed.